# EXHIBIT A

## DECLARATION OF COUNSEL

## Case No:  1:20-cv-00376

# CLEARWATER COUNTY SHERIFF'S OFFICE



**Chris Goetz,** *Sheriff*
P.O. Box 724, 150 Michigan Ave., Orofino, ID 83544
Phone: (208) 476-4521  Fax: (208) 476-7835

Case Narrative for P2018-00764 (07/30/18 10:37)              Printed on August 19, 2020

## Primary Report By Amanda Barlow, 07/30/18 10:37
**Case #P2018-00764**
**Typed By Amanda Barlow**

On July 30, 2018 at 0734 hours I was dispatched to Legacy Drive for a disorderly call for service. Dispatch advised me Christine Nelson called to report her neighbor, Arthur Baker, would not let her out of her driveway. I was advised Todd Perry was on scene as well. I responded to the call for service from the Sheriff's Office.

Upon my arrival I saw Todd Perry's truck parked in front of Arthur Bakers vehicle both in the intersection of Legacy Drive and Harmony Heights Loop Road. I saw Darrel Gray sitting on a 4-wheeler in Harmony Heights Loop Road. As I exited my vehicle I instructed for Darrell Gray to leave, which he did. I continued to approach and I saw the gate across Legacy Drive was closed. I saw Arthur Baker standing in front of Chris Nelson's work truck and Todd Perry was standing next to Nelson's truck. Chris Nelson was sitting inside her truck. I saw a gray car parked behind Nelson's work truck in the middle of the road. Arthur Baker was using his cell phone to video tape Chris Nelson and Todd Perry. Arthur Baker's wife, Dianne, was also on scene standing on Harmony Heights Loop Road.

I approached and called for Mr. Baker to come to my location near the closed gate. He approached me still video taping with his phone and said, "This is Mandy Barlow with the Sheriff's Office". I asked Baker what was going on. Baker told me he put the notice on the gate that permission was revoked and Nelson ripped it off. I saw a white piece of paper lying on the ground near the gate so I picked it up and looked at it briefly. The heading of the letter said, GRANT OF PERMISSION FOR CHRIS NELSON TO CROSS OUR LAND AS PER RECORD OF SURVEY INSTRUMENT #228614. The bold section of the letter was highlighted and above it hand written in red ink said, "Permission Revolked". Also in hand written red ink was the work Attention above Chris Nelson's name that was circled in red ink. The letter was dated January 6, 2017. The letter was Clearwater County recorded on January 9, 2017.

Baker continued telling me he told Nelson and her attorney that permission for her to use the road had been revoked about a year and a half ago when he acquired the property. Baker told me he went there this morning because he had not locked the gate but she would leave and leave the gate open. Baker told me he went there this morning to talk to her about it and tell her that her easement is at another location. Baker told me her easement was up the road from us near a mailbox. Baker told me when she cut the gate he asked her if she wanted that easement if that was the one she was declaring and told her she could not use the main driveway. Baker told Nelson the other night when she came in. Baker told me Nelson refused to get out of he and his wife's way and she had a can of mace and was aiming it at him. Baker told me he called in and Todd Perry also arrived and parked in front of him. According to Baker, Todd Perry refused to leave until he saw that Nelson was out of the driveway. Baker told Perry to tell Nelson to leave on the road she has an easement on. Baker told me his this encounter with Todd Perry on film and Baker told Perry he was trespassing and to leave. Baker told me Perry refused to leave. Baker told me Perry was guilty of criminal trespass and civil trespass. Refer to case number 2018-00649 for details on the event.

I told Baker he could not keep Perry and Nelson hostage the way he was. Baker got upset and raised his voice and said, "I am not keeping anyone hostage". I told him he was and he said, "What are you talking about, this is my driveway and I got a gate on it". I told Baker that Nelson and Perry were trying to go to work. Dianne Baker stepped up with Art and told him to back down. I told Baker to calm down. Dianne Baker told me that Nelson can get out another way and that was the way she always used. I told both of them I did not care about the other access road and it was ridiculous. Dianne asked me if I was a personal friend of Nelson's. I told her I was and again told them this was ridiculous. Dianne told me that was entering into this. Dianne asked me to think about this for a few minutes and asked why Nelson could not use the other access road. I told Dianne I had no idea. She told me to go ask Nelson. I told them both to calm down and told them they were getting worked up over a driveway. Art replied, "Exactly, it's my driveway, its not hers". I told Baker she had access and he yelled and said, "She does not have access to this". Baker told me I could not be the judge and jury. I told Baker to wait and chill out while I went and spoke with Nelson and Perry.

1.001

I approached Nelson and Perry. Nelson was visibly upset, crying, and shaking. She told me Art Baker had her blocked in and he kept shutting the gate. Nelson told me she did not need permission because she has a legal easement. Nelson told me she called her lawyer and her lawyer told her this was beyond civil now and she wanted him arrested for disturbing the peace and disorderly conduct. Nelson also wanted Baker arrested for threatening her. I asked how he threatened her and she told me it was because she could not leave. Nelson pointed out that Dianne Baker's car was now blocking her from behind even though she came afterwords and she could not go anywhere. While I was talking with Nelson Art Baker got a chain and padlock from his truck and locked the gate closed. Nelson told me Art Baker wanted her to use the other gate (access road) but she said it was chained and padlocked too. Nelson told me she had to cut that fence. Nelson told me she was going to be late for work now. Nelson was crying and I told her it was okay. She told me it was not okay. Nelson was crying so hard she could hardly talk. Nelson told me she has to come home to this too. I told her I knew this and I was sorry. I asked Nelson if the other access road gate was closed right now. She told me she did notice today but she had cut the wire previously so she could get through with her horse. She told me the other road is rough and her truck bottom's out. She told me the road we were on was her easement.

I asked Perry how he ended up on scene. He told me he was headed to work and saw Baker had her blocked in. Perry told me Baker is a bully and he and Baker did argue a bit. Perry told me Baker told him he was blocking him now and Perry told him he was not even trying to leave. Perry told me Baker was also accusing him of trespassing. I instructed Perry to leave in his truck and he did so. I walked Perry back to his truck and as we approached Baker he said to Perry, "Did you admit to her that you were refusing to leave my property"? Todd told him no and I told Baker I would be right back. Perry asked me if I wanted to ask him questions. He told me Baker accused him of trespassing and to leave. Perry told me his hands were in his pockets most of the time and he cussed at him and called him a bully. Perry said he was driving by and he knew Baker was intimidating Nelson so he stopped to help her out. Perry told me he knew what was going on between them so he came to help her. Perry left the scene and told me he would be at work all day if I needed him.

Next I placed the letter from Baker in my vehicle that had been on the ground in my vehicle. I walked back to Baker and told him he was now not blocked in by Perry. I confronted him with the fact that he had now padlocked the gate shut with a chain. I asked him if the gate below was padlocked. I was told it was not and she had cut it. I told her I was aware of that. I told Baker my concern right now was that she could not get out right now and go to work. Baker told me she could. I asked Dianne if she could go now because the both of them had Nelson blocked in. Dianne told me she came after. Art told me he called Dianne to come because he was getting ganged up on. Dianne told me she would leave and walked back to her car and left the area.

Art Baker said, "She will have to leave out that other road". I said, "Art, come on". He told me he was not going to let her out. I told Art he needed to let her go and he told me he did not need to let her go because she could get out the other way. Baker told me he has driven up that road with his vehicle many times. I told Baker her vehicle was a two wheel drive and his was a four wheel drive. He argued with me and told me he drives his two wheel drive Hyundai up it. I asked Baker why we were arguing about this. Art told me it has to come to a point where if she can force her way through to use it then she can establish a prescriptive easement. Baker told me he has been letting Nelson come through by permission. I told him this was a civil issue. I told him what he was doing right now was criminal. Baker told me it was not. I told him it was and he was preventing her from going and coming at her own will. I told him Nelson was scared and it was criminal. Baker told me I was making a case out of something that isn't true. Baker told me Nelson could leave on the other road. I told him he needed to unlock it and let her go. I told Baker Nelson was going this way. Baker walked to his truck and told me he was going to show me. I asked him what he was going to show me. He told me he was going to drive around and show me. I raised my voice and said, "No you are going to unlock this now or you are going to go to jail for resisting and obstructing. Baker stopped and turned around and faced me and said, "I can tell who your friends with". I asked him what he wanted to do, unlock it or go to jail. Baker then began to reach in his pocket and said he was going to get film of me. I then told him no, he was going to jail. I grabbed his right forearm and placed him in an arm bar and told him to turn around. Baker tried to give me the key to unlock the gate and I told him it was too late. Baker told me he was trying to get evidence. Baker began resisting me and I kept him in the arm bar and pushed him against his truck. Baker continued to resist and was trying to get something from his pocket. I told him he was going to get Tased and instructed him to put his hands behind his back. Next Baker told me he was trying to get his phone in his pocket so he would not drop it. I was finally able to get handcuffs on Baker and I told him I did not understand why we were doing this over property. Baker told me he would have unlocked that gate. I told him now I would. I told him it was too late. Baker told me he did not bend so well and I told him to chill out and it would not hurt so much. Baker said to me, "You know you don't have to do this Mandy". I told him he didn't either and asked him why he had to fight with me. He told me he was not fighting and all he wanted to do was to get evidence of video on me. I told him all he had to do was open a gate and let someone go to work. He told me he would have as soon as he got his camera out to film it. I told him now he was being charged criminally. I told

1.002

him I thought we could just all get along and open the gate so she could go.  Baker continued to argue with me about Nelson using the other road.

I read Baker his Miranda Warning from a prepared card and removed items from his pockets and put them on the hood of my vehicle.  Dianne Baker came back to my location and said, "So much for your rights huh"?  Baker told his wife that I insisted he open the gate and he asked that I let him film me giving him that order and I told him nope your under arrest.  Baker then told his wife I told him he was resisting arrest and he claimed he was putting his phone in his pocket.  Baker told his wife he never resisted me at all.  Dianne told him this was not the first time they have dealt with law enforcement that has not been totally upright.  I told Dianne if she continued she could come to.  She said, "I'm under arrest to huh"?  I told her she was not but if she continued I would deal with her as well.  Both Bakers wanted to argue with me about access roads.  Dianne told her husband that he sees where I stood.  Dianne said they would have to get someone that is more fair that does not have friendship here.  Dianne told her husband to let it go.  Art told his wife to take his personal belongings from my hood and I told her she could not since it was on him when I arrested him.  Dianne said to me, "You do realize you are making things harder and harder for Chris don't you"?  Dianne said, "We have half of her water and she runs out of water every August.  The water she has been using all of, we use half of that water".  Dianne said, "We have never taken it, now what do you think is going to happen"?  Dianne said, "We will take half of that water and she will be out at the first of the year".  Dianne told me Nelson is on their property all the time to get to her arena.  She told me Nelson has to go on their property to get to her arena.  Dianne said to me, "If you were her friend you would tell her why don't you use the other way, go ahead and go up that driveway and be friends with these people, they have the upper hand".  Dianne told me that would be the smart thing if I was her friend.  I told her I stay completely neutral with this.  I told her friends or no friends you can not block someone from going to work.  Baker told me if I wanted to police department to look bad I was sure going about it the right way.  I told them we would argue this in court.

When Baker settled down I was able to adjust the handcuffs so they were not causing him pain.  Officer Russell arrived on scene and we took the handcuffs off and put Officer Russell's handcuffs on Baker.  Baker was transported to the Sheriff's Office by Officer Russell.  Dianne left the scene and I took photographs of the area.

Dianne Baker was later contacted and asked to respond back to move the truck from the driveway.  Dianne did come back and moved the truck.  I unlocked the gate with the key I found on the ground that was labeled, "top".

Baker was arrested for resisting an obstructing an officer and false imprisonment.


**Signed** _____   **Date** _____
Amanda Barlow, Officer

# CLEARWATER COUNTY SHERIFF'S OFFICE





**Chris Goetz,** *Sheriff*
P.O. Box 724, 150 Michigan Ave., Orofino, ID 83544
Phone: (208) 476-4521 Fax: (208) 476-7835

Case Narrative for P2018-00764 (10/01/18 10:07)                     Printed on August 19, 2020

## Supporting Report By Amanda Barlow, 10/01/18 10:07
**Case #P2018-00764**
**Typed By Amanda Barlow**

On September 26, 2018 I called Chris Nelson to request a copy of her easement paperwork. I also told her I would be going to the driveway to take pictures of the alternate road the Baker's wanted her to use. Nelson told me the road looks different now because the Baker's have been using it. Nelson told me the road had been cleared of brush now.

On September 30, 2018 I went to Legacy Drive and Harmony Height's Loop Road to take the photographs. I stayed on Harmony Heights Loop road and took several photographs of the alternate route. I downloaded the photographs into Zuercher for viewing. While taking the photographs of the road it looked different then it did when I was there on the original call. The road appeared to have been freed of brush and appeared more traveled than before.

I noted from case number 2018-00659 that Corporal Roger Haworth investigated a malicious injury to property call where a barbed wire gate was cut. I looked at the pictures in the case and saw Corporal Haworth photographed the cut gate. The cut gate was across the road I was photographing on September 30, 2018. The pictures documented from Corporal Haworth's case showed how the road in question originally was.

On October 1, 2018 I went to Clearwater Glass where Nelson is employed and picked up the easement paperwork. I downloaded the easement into Zuercher. Nelson also provided me with additional documents related to the ongoing issues she has been having with Baker. I scanned the documents into this case.

On October 1, 2018 I also scanned a map into the case file showing that Nelson's property is surrounded on all sides by Arthur Baker.

**Signed** _____     **Date** _____
          Amanda Barlow, Officer

---

1.004

## CLEARWATER COUNTY SHERIFF'S OFFICE





**Chris Goetz,** *Sheriff*
P.O. Box 724, 150 Michigan Ave., Orofino, ID 83544
Phone: (208) 476-4521  Fax: (208) 476-7835

Case Narrative for P2018-00764 (09/04/18 13:19)            Printed on August 19, 2020

## Supporting Report By Mitchell Jared, 09/04/18 13:19
**Case #P2018-00764**
**Typed By Mitchell Jared**

On July 30, 2018 at approximately 0815 I responded to the intersection of Harmony Heights Loop and Legacy Drive to assist Detective Mandy Barlow with a disturbance call. When I arrived the suspect was already removed from the scene, but his pickup was still blocking the road and Chris Nelson still could not travel up Legacy Drive.

Just above Legacy Drive was a bypass road, which paralleled Legacy Drive for a couple hundred feet, then merged together.  I decided to drive down this road to see if I could get Art Baker's wife to move the pickup.  As I turned off of Harmony Heights I could not see the road I was turning on to and the drop off from the main road was somewhat difficult, given you cannot see any part of the road I was turning onto.  It appeared to be a four-wheeler road.  There was brush grown up on the edge which protruded out into the road.  This appeared to be a road which had been abandoned for some time.

Dianne Baker did remove the pickup from the roadway after I asked her to do so.

**Signed** _____    **Date** _____
                Mitchell Jared, Officer

---

Made by **ZUΞRCHER**                    Case P2018-00764                    Page 1 of 1

1.005

**CLEARWATER COUNTY
SHERIFF'S OFFICE**

FILED 7/30/2018 19001 AT
1:24PM, OROFINO, IDAHO

CR18-18-1082

**IDAHO UNIFORM CITATION**

IN THE DISTRICT COURT OF THE **2ND** JUDICIAL DISTRICT OF
THE STATE OF IDAHO, IN AND FOR THE COUNTY OF **CLEARWATER**

STATE OF IDAHO

19001

vs.

_Baker_
Last Name

_Arthur_          _H._
First Name          Middle Initial

**COMPLAINT AND SUMMONS**

- [ ] Infraction Citation
  **OR**
- [x] Misdemeanor Citation
- [ ] Accident Involved
- [ ] Commercial Vehicle Driven by this Driver
- [ ] Traffic Safety Education

IPUC # _____ USDOT TK Census # _____

- [ ] Operator [ ] Class A [ ] Class B [ ] Class C [x] Class D [ ] Other_____
- [ ] GVWR 26001 + [ ] 16 + Persons [ ] Placard Hazardous Materials DR#_____

Home Address _3910 Legacy Dr. Orofino, ID 83544_
Business Address _____ Ph # _400-310-5645_

THE UNDERSIGNED OFFICER (PARTY) HEREBY CERTIFIES AND SAYS:

I certify I have reasonable grounds, and believe the above-named Defendant

DL or SS# _XP2165M16D_ State _ID_ Sex [x]M [ ]F
Height _6'00"_ Wt. _180_ Hair _Gry_ Eyes _Blue_ DOB _7/27/47_
Veh. Lic.# _____ State _____ Yr. of Vehicle _____ Make _____
Model _____ Color _____

Did commit the following act(s) on _7/30_, 20 _18_ at _0734_ o'clock _A_ M.

Vio. #1 _False imprisonment_          _18-2901_
Code Section

Vio. #2 _Resist and obstruct_          _18-705_
_Officer_
Code Section

Location _Legacy Dr. and Harmony Hights Loop Rd._
Hwy. _____ Mp _____ **CLEARWATER** County, Idaho.

_7/30/18_     _M. Bartow_     _2006_     _(CCSO)_
Date          Officer/Party          Serial #/Address          Dept.

_____     _____     _____     _____
Date          Witnessing Officer          Serial #/Address          Dept.

THE STATE OF IDAHO TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned to appear before the Clerk of the Magistrate's Court of the
District Court of **CLEARWATER** County, **OROFINO** , Idaho,
located at **COURTHOUSE** on the _____ day of
_____, 20 _____ , at _1_ o'clock _P._ M.

I acknowledge receipt of this summons and I promise to appear at the time indicated.

_In Custody_
Defendant's Signature

I hereby certify service upon the defendant personally on _____ , 20_____

_____
Officer

NOTICE: See reverse side of your copy for PENALTY and COMPLIANCE instructions.

**COURT COPY VIOLATION #1**     CITY OF_____

*(left margin, vertical)* Defendant's Name: _Baker Arthur H._

**Filed:** January 16, 2019 at 3:39 PM.
Second Judicial District, Clearwater County
By: *Lisa McMillan* Deputy Clerk

IN THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT OF

THE STATE OF IDAHO, IN AND FOR THE COUNTY OF CLEARWATER

| | |
|---|---|
| State of Idaho<br>    Plaintiff,<br>vs.<br>Arthur H Baker<br>    Defendant. | **Case No. CR18-18-0682**<br><br>**Court Minutes** |

JUDGE: Judd, David Harold               DATE: January 16, 2019

CLERK: Lisa McMillan                    LOCATION: Courtroom #1

HEARING TYPE: Pre Trial

**Parties Present:**

State of Idaho                Attorney:    Lori Michelle Hood-Gilmore

Arthur H Baker                Attorney:    Anthony Christopher Anegon

**Hearing Start Time: 3:35 PM**
**Hearing End Time: 03:39 PM**

Honorable David H. Judd presiding; Court makes introductions; Mr. Gilmore – Attorney for the State; Mr. Anegon – Attorney for the Defendant – Mr. Baker, present.

Court advises this is the time set for a FPT.  Court notes this case is set for trial next week 1/25/2019.

Court advises "off the record" in chambers Counsel advised of a pending, companion civil case.

Court notes that it's probable that this trial next week will go off.

Court inquires of Mr. Baker – if this is his understanding as well.

Mr. Baker responds I believe so.

Mr. Anegon speaks with his client.

Court addresses Mr. Baker as to what is going on with the jury trial next week.

Ms. Gilmore motions to dismiss the resist & obstruct charge.

Court grants motion.

Mr. Anegon presents jury instructions to the court.

Colloquy RE: Motions to be filed.

COURT MINUTES (Criminal)                                              1.103

Court is in recess.

Case No. CR18-18-1082

Filed 7/30/2018

at 1:40 o'clock P M

IN THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF CLEARWATER

C. Bird

Clerk

Art

Deputy

| | |
|---|---|
| STATE OF IDAHO | CASE NO. CR 18-18-1082 |
| Plaintiff, | ORDER DETERMINING PROBABLE |
| vs. | CAUSE AFTER ARREST WITHOUT |
| **BAKER, ARTHUR HARRY** | WARRANT |
| DOB: 7/27/47 | |
| SS#: xxx-xx-8253 | |
| Defendant | |

After considering the affidavit of Amanda Barlow the court finds that Deputy Amanda Barlow had probable cause to arrest the defendant on the 30th day of July, 20 18 for the crime(s) of :

false imprisonment & Resiste obstruct officer

without first obtaining a warrant for the arrest of the defendant. The court finds there is probable cause to believe that said crime(s) was / were committed and that the said defendant committed it / them.

Bail is hereby set at $ _____. The defendant, unless released by the court on his / her own recognizance, is remanded to the custody of the Clearwater County Sheriffs until such bond is posted.

Other findings or orders: _____

_____

_____

_____

Dated this 30th day of July, 20 18

Magistrate

3

1.166

Filed:01/22/2019 11:43:22
Second Judicial District, Clearwater County
Carrie Bird, Clerk of the Court
By: Deputy Clerk - Hills, Abbigail

IN THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT OF
THE STATE OF IDAHO, IN AND FOR THE COUNTY OF CLEARWATER

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | CASE NUMBER    CR 18-18-682 |
| CITY OF _____ | ) | |
| Plaintiff | ) | |
| | ) | PRE-TRIAL MOTION, ORDER, |
| Vs. | ) | AND NOTICE OF HEARING |
| | ) | |
| Arthur Baker | ) | |
| Defendant | ) | |

COMES NOW the Prosecutor in the above matter, and the above-named Defendant, and moves the Court as follows:

( )  1. This matter be set for the _____ day of _____, 201__, at _____, __M for:
  ( ) a. Continued Pre-Trial #__          ( ) b. Change of Plea and Sentencing
  ( ) c. Jury Trial                       ( ) d. Court Trial
  ( ) e. Motion Hearing                   ( ) f. Other_____

(✓)  2. This matter be dismissed in the interest of justice on Motion of the Prosecutor for the following reasons. The State can not prove the charge beyond a reasonable doubt

( )  3. This matter be amended to violation of I.C._____

(✓)  4. Other: The State has informed the A through Sam Creason, the Attorney in her civil case against the defendant

( )  5. **Defendant:** That my signature below acknowledges that I have a **right to a trial** (jury trial if misdemeanor), the right to see and hear **all the witnesses** who appear against me and to **cross-examine them**. That I am **not compelled to testify or make any statements** and that **no negative inferences** would arise should I choose not to testify, but that I would have the opportunity to testify if I so desired. That I could have my attorney with me at all times to assist me during the trial or I could try the case myself without the aid of an attorney. By entering a guilty plea I waive all these rights, and I do hereby waive my rights and PLEAD GUILTY to the charge.

_____
Defendant/Defendant's Attorney

**YOU ARE CAUTIONED THAT RECOMMENDATIONS TO THE COURT ARE NOT BINDING UNLESS THE COUR AGREES TO BE SO BOUND.**

( )  6. SEE RECOMMENDATIONS ON REVERSE
( )  7. Recommend this matter be handled by the Clerk of the Court without a Court appearance.
( )  8. The Defendant having been notified_____of the _____, did fail to appear _____, the ____ day of _____, 201__ by _____ o'clock __M. Therefore, a bench warrant is requested for the arrest of the said Defendant with bond in amount of $_____.

DATED: 1/18/19

_____
Prosecutor

_____
Defendant

_____
Defendant's Attorney

MOTION AND ORDER IS:  ☒APPROVED   ☐DENIED

**Case dismissed on State's Motion.**

David N Judd
MAGISTRATE JUDGE

Signed: 1/22/2019 09:25 AM

1.170





1.272







1.275







# Clearwater County Sheriff's Office
## Supervisory Contact

☐ Advisement of Problem  ☒ Advisement of Complaint  ☐ Oral Warning  ☐ Oral Reprimand
☐ Written Warning  ☐ Written Reprimand

**Employee Name:** Detective Mandy Barlow  **Division:** Investigations  **Date:** September 6, 2018

**General nature of violation or corrective problem (facts, dates, times):**
On August 28, 2018 Goria Ferguson called the sheriff's office to complain about Detective Barlow. The complaints were concerning case number 2018-00751. This investigation was involving several horses, some of which had run away and another which had a large, uncared for wound on it's leg. Goria thought Detective Barlow was rude to her and postponed letting her know where her horse was at, therefore the cost of care was greater. Gloria stated Detective Barlow appeared very upset when she was talking with her, so in the future she wants to be called before we go to their home. Since this conversation with Gloria, Mandy has spoke with Gloria on the phone about their losing ownership of the horses.

**Supervisor making notice of violation or problem:**
Detective Barlow worked with the brand inspector and followed the law. The case has merit and will be reviewed by the PA office. I expect charges to be filed on this case. Detective Barlow had been out to Ferguson's numerous times in the past and was upset with their lack of care for the animals. She admitted her tone and temperment was affected by her compassion towards the animals.

**Corrective action to be taken:**
None. Glad you care about the horses well being.

**Employee comments:**

_____
_____
_____
_____
_____

**You the employee are hereby notified that further action, including dismissal, may result if further corrective action is necessary.**

**Employee Signature:** *Mandy Barlow*

**Supervisor Signature:** *Mitchell Jones*  9/6/18

3.084

# Clearwater County Sheriff's Office
## Supervisory Contact

☐ **Advisement of Problem**   ☒ **Advisement of Complaint**   ☐ **Oral Warning**   ☐ **Oral Reprimand**
☐ **Written Warning**   ☐ **Written Reprimand**

**Employee Name:** Mandy Barlow   **Division:** Detectives   **Date:** June 13, 2014

**General nature of violation or corrective problem (facts, dates, times):**
Misty Schmidt's called to complain Mandy was giving her ex-husband law enforcement information in real-time. Misty rrerferenced she was stopped on a traffic stop in Orofino two days earlier and did not have proof of insurance. She said with in two hours Mike Cram, her ex-husband, called her and told her Mandy had told him about the traffic stop. I informed her I did not believe the allegation because mandy had been on a personal trip to Seattle during the week of the traffic stop. I told Misty it sounded like Mike is bluffing her with saying information is coming from Mandy.

**Supervisor making notice of violation or problem:**
Sergeant Mitch Jared

**Corrective action to be taken:**
 Complaint is unfounded

**Employee comments:**
I am not providing information to Mike Cram by any means. I feel Misty is stirring trouble for me because she is upset I got her husband arrested at a baseball game in weippe.

**You the employee are hereby notified that further action, including dismissal, may result if further corrective action is necessary.**

**Employee Signature:** Mandy Barlow

**Supervisor Signature:** Mitchell Jared

**3.085**