Bentley G. Stromberg (ISB No. 3737)
Andrew G. Pluskal (ISB No. 10039)
CLEMENTS, BROWN & McNICHOLS, P.A.
Attorneys at Law
321 13th Street, Post Office Box 1510
Lewiston, Idaho 83501
(208) 743-6538
(208) 746-0753 (Facsimile)

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ARTHUR BAKER, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>CLEARWATER COUNTY, CITY OF )<br>OROFINO, AMANDA BARLOW, MATT )<br>RUSSELL, and CHRIS GOETZ, )<br>)<br>Defendants. )<br>_____) | Case No: 2:20-cv-00376<br><br>REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

Arthur Baker ("Plaintiff") was arrested by Detective Amanda Barlow ("Barlow") of the Clearwater County Sheriff's Office ("CCSO"). Plaintiff subsequently filed this lawsuit alleging that his civil rights were violated. Defendants have moved for summary judgment on all claims. Plaintiff opposes the motion, but fails to identify any triable issues.

**I.**

At the outset, it must be noted that Plaintiff's response to this motion does not address or in any way respond to Defendants' arguments regarding Plaintiff's state law claims. In short, Plaintiff's state law claims are barred by the Idaho Tort Claims Act, whether because Plaintiff failed to file a notice as required by I.C. § 6-906, a bond that complies with I.C. § 6-610, or

REPLY IN SUPPORT OF
DEFNDANTS' MOTION FOR
SUMMARY JUDGMENT                –1–

because his claims are otherwise barred by I.C. § 6-904(3).  Dkt. 24, at *16-19.  Again, Plaintiff's response nowhere disputes any of this, and the Court should not supply arguments for him.  Plaintiff's state law claims against all defendants should therefore be dismissed.

Plaintiff's response also nowhere addresses Defendants' arguments regarding the viability of any claims brought pursuant to *Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658, 691-94 (1978).  This is unsurprising; no evidence produced here demonstrates that Clearwater County or City of Orofino policies were a moving force in the violation Plaintiff has alleged.  Additionally, there is no evidence of similar complaints against either Barlow or Russell, or any other evidence that might support a failure to train claim.  *See Bonning v. Bartlett*, No. 1:21-cv-00165-BLW, 2021 WL 3287805, *4 (D. Idaho August 2, 2021) ("[t]o maintain a failure-to-train claim, a plaintiff must allege facts showing a 'pattern of violations' that amounts to deliberate indifference") (quoting *Connick v. Thompson*, 563 U.S. 51, 72 (2011)).  Accordingly, plaintiff's 42 U.S.C. § 1983 claims against Clearwater County, Sheriff Goetz and the City of Orofino must be dismissed as well.

## II.

Plaintiff devotes the majority of his response to the issue of probable cause.  This too is unsurprising; probable cause, if present presents a near insurmountable obstacle to § 1983 claims of false arrest or malicious prosecution.  *See Beauregard v. Wingard*, 362 F.2d 901, 903 (9th Cir. 1966) ("[W]here probable cause does exist civil rights are not violated by an arrest even though innocence may subsequently be established."); *Lassiter v. City of Bremerton*, 556 F.3d 1049, 1054-55 (9th Cir. 2009) ("Although it is doubtful that the Lassiters presented evidence of malice, it is unnecessary for us to reach this element because probable cause is an absolute defense to

malicious prosecution.") (emphasis added). Despite his efforts, Plaintiff cannot demonstrate that probable cause was lacking here for several reasons.

First, as Defendants have noted previously, the state courts have already determined that the arrest and citations issued to him were supported by probable cause. (Declaration of Counsel, Ex. A at 1.166). Those citations did not result in conviction, but the mere fact that a prosecution was unsuccessful, or that charges are eventually dismissed does invalidate a prior finding of probable cause. *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995) ("The mere fact a prosecution was unsuccessful does not mean it was not supported by probable cause."). Nor is probable cause absent merely because counsel, years after the fact, claims to have found flaws in the arresting officer's reasoning; to the contrary, probable cause "is not a high bar and requires only the kind of 'fair probability' on which 'reasonable and prudent [people,] not legal technicians, act.'" *Kaley v. United States*, 571 U.S. 320, 337 (2014) (internal quotation marks and citation omitted). Nor is a probable cause finding invalid merely because counsel claims that additional details, if disclosed to the issuing judge, might have led to a different outcome. *See United States v. Thompson*, No. 1:18-cr-00401-BLW, 2019 WL 5582190, *1 (D. Idaho October 29, 2019) (review of a probable cause determination is deferential, and is limited to whether the "the magistrate had a 'substantial basis for . . . conclud[ing] that probable cause existed'") (citation omitted).

Though this Court is not bound by the magistrate's finding, there is no reason to second guess it at this time because (and contrary to what Plaintiff repeatedly asserts) the facts Detective Barlow confronted provided a "substantial basis" for a probable cause finding relating to his arrest and for both of the charges brought against him.

REPLY IN SUPPORT OF
DEFNDANTS' MOTION FOR
SUMMARY JUDGMENT          –3–

The elements of false imprisonment in Idaho are "an (1) unlawful (2) violation of another's personal liberty." *State v. Joy*, 304 P.3d 276, 283 (Idaho 2013).[1] Plaintiff attacks both of these elements, but his arguments miss the mark. Plaintiff argues at length that Nelson's liberty was not actually violated because Nelson could have exited via the "cutoff" road, regardless of whether Plaintiff was preventing her from exiting via the Harmony Heights/Legacy Drive intersection. That may (or may not) have been true when Nelson called the Sheriff's Office, but is beside the point because when Barlow responded to the scene, <u>Nelson's vehicle was blocked in on both sides</u> by Plaintiff's truck and by Plaintiff's wife's vehicle. (Declaration of Counsel, Ex. A at 1.271-1.275, 1.279, 1.282). Barlow could plainly see that Nelson was not able to come and go as she pleased—in any direction or by any route—as a result of Plaintiff and his wife's actions.[2] (Declaration of Counsel, Ex. C at 37:21-38:4, 38:7-38:16, 51:24-52:9). A reasonable person viewing this scene could easily conclude that Plaintiff had caused "a violation of another's personal liberty," *Joy*, 304 P.3d at 283, and may have violated I.C. § 18-2901.

Nelson may only have been blocked in on both sides and not free to leave for part of her encounter with Plaintiff—Diane Baker apparently arrived at the scene sometime after Plaintiff had confronted Nelson, and eventually agreed to move her vehicle when Barlow directed her to—but no case that Defendants are aware of holds or clarifies that a violation of I.C. § 18-2901 can only be found where an extended, or prolonged deprivation of liberty has occurred, and

---

[1] Plaintiff accuses Defendants of omitting part of the pattern jury instruction. However, Plaintiff neglects to mention that immediately after the purportedly incomplete reference, Defendants' brief cites *Joy,* and specifically notes the allegedly missing element.

[2] Diane Baker did not stumble onto the scene by accident. Diane told Detective Barlow that she was only there because Plaintiff had asked her to be, (Declaration of Counsel, Ex. C at 66:7-66:17), which could easily cause a reasonable person to suspect that Plaintiff had directed her there to ensure that Nelson couldn't leave.

REPLY IN SUPPORT OF
DEFNDANTS' MOTION FOR
SUMMARY JUDGMENT                  –4–

Plaintiff has not cited one. And, given the duration of the detention, Barlow may have been willing to exercise her discretion and overlook it, but instead chose not to when Plaintiff continued to obstruct her attempts to safely investigate and efficiently resolve the standoff.

Plaintiff also makes much of the fact that his actions were (in his view) at all times lawful, which he believes means that the first element of a false imprisonment claim necessarily was not present here. Plaintiff may or may not be correct that he initially acted lawfully when he declined to let Nelson use the gate. However, that action is not why probable cause exists here; probable cause exists because, as Barlow could plainly see, Plaintiff and his wife had, for a period of time, prevented Nelson from leaving by <u>any</u> route. Plaintiff, in essence, suggests that Barlow should have judged the ultimate lawfulness of Plaintiff's apparent complete detention of Nelson on the scene, and should simply have accepted Plaintiff's assertion that he was acting lawfully because Nelson could have at some point have used the unmaintained "cutoff" road instead. But that is not the standard by which probable cause is judged, and never has been. Probable cause "is not a high bar," and is not viewed from the perspective of a lawyer or other "legal technician," viewing that facts and applicable law with the benefit of reflection and hindsight. *Kaley*, 571 U.S. at 337; *see also Heien v. North Carolina*, 135 S. Ct. 530, 536 (2014) (an officer's reasonable but mistaken understanding of the law does not invalidate probable cause). The question is whether there was a "fair probability" that Plaintiff's actions violated I.C. § 18-2901, not whether courts might at some point clarify that I.C. § 18-2901 requires a prolonged detention, or that this stature cannot be violated where the suspect asserts that their detention of another is lawful for one reason or another. If Barlow was mistaken—and there is no reason to think she was—her failure to anticipate possible future judicial rulings which limit or clarify the reach of I.C. § 18-2901's somewhat circularly worded terms was not, and is not,

REPLY IN SUPPORT OF
DEFNDANTS' MOTION FOR
SUMMARY JUDGMENT              –5–

objectively unreasonable. *See Heien*, 135 S. Ct. at 540. If any mistake occurred it was reasonable in these circumstances, and doesn't undermine the magistrate's probable cause finding. This Court should not disturb it here. Plaintiff's false arrest and malicious prosecution claims fail and should be dismissed on that basis, whether brought against Barlow or Deputy Russell.[3]

Moreover, whether these facts demonstrate a violation of I.C. § 18-2901 or not, Plaintiff's actions also plainly impeded Barlow's attempt to investigate, and safely and efficiently resolve the incident that she had been called out to, in apparent violation of I.C. § 18-705. Again, probable cause was found by the state court to support the issuance of that charge as well, and there is no reason to second guess that determination here either for reasons Defendants have stated previously. Dkt. 324, at *8-10. It too bars Plaintiff from bringing these claims regardless of whether the false imprisonment charge was supported by probable cause or not. *See Barry v. Fowler*, 902 F.2d 770, 773 n. 5 (9th Cir. 1990).

Also, as previously observed, even if Barlow was mistaken, and probable cause did not exist here, Barlow and Russell would be entitled to qualified immunity. *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) ("Even law enforcement officials who 'reasonably but mistakenly conclude that probable cause is present' are entitled to immunity.") (citation omitted). Plaintiff may

---

[3] Plaintiff asserts against that Russell lacked probable cause, but cannot deny that he relied on Barlow's representation that she had probable cause to arrest on suspicion that Plaintiff had violated I.C. § 18-2901. Nor can Plaintiff plausibly deny that Russell confronted objectively verifiable evidence—*i.e.* where the various vehicles involved were positioned—that supported that representation. Plaintiff cites a number of cases for the proposition that officers have a general duty to investigate potentially exculpatory evidence, but none were decided on facts remotely similar to these. Nor would any of the cases cited by Plaintiff have for any reason given Russell fair warning that he needed to essentially interrogate a fellow officer, and could not trust what he could see with his own eyes. *Jessop*, 936 F.3d at 940. If Russell mistakenly believed that he had probable cause, his actions here were entirely reasonable in the circumstances, and he is entitled to qualified immunity as a result. *Hunter*, 502 U.S. at 227.

REPLY IN SUPPORT OF
DEFNDANTS' MOTION FOR
SUMMARY JUDGMENT           –6–

believe that he was merely exercising his rights, but neither the statute nor any Idaho case clearly permitted him to prevent Nelson from leaving entirely, or conclusively establishes that I.C. § 18-2901 (or, for that matter, I.C. § 18-705) cannot be violated in circumstances remotely similar to these. And no case Plaintiff has cited establishes, much less places "beyond debate," *District of Columbia v. Wesby*, 138 S.Ct. 577, 589 (2018), that an arrest in these circumstances would necessarily violate the Fourth Amendment. And without a "controlling authority or a robust consensus of cases" that so hold, *id.* (internal quotation marks omitted), sufficient to have given the officers "fair warning" that probable cause could not be present here, and that their actions necessarily violated Plaintiff's clearly established rights, qualified immunity is available to them. *Jessop v. City of Fresno*, 936 F.3d 937, 940 (9th Cir. 2019). Even if the Court finds that these facts do not support a probable cause finding, qualified immunity bars these claims as well.

### III.

Plaintiff also asserts that his prosecution was retaliatory, and was prompted by his opposition to what he perceived to be an unlawful order. However, "[i]t is well settled that the existence of probable cause dooms a malicious-or retaliatory-prosecution claim." *Daniels v. County of Alameda*, 842 Fed.Appx. 110, 111 (9th Cir. 2021) (unpublished) (citing *Hartman v. Moore*, 547 U.S. 250, 262 (2006). Probable cause exists here for reasons stated previously, so a retaliation claim based on Deputy Barlow's decision to arrest Plaintiff and issue citations to him necessarily fails, whether malice or ill intent are plausibly alleged here or not.[4] *Hartman*, 547

---

[4] And malice has not been alleged or demonstrated here. Barlow believed, rightly or wrongly that she had probable cause to arrest and cite Plaintiff. If she was mistaken, this is only because she failed to anticipate how the courts would construe an ambiguous provision of state law, as applied to a fact pattern never heretofore considered in any published Idaho decision. Moreover, though Barlow is a friend of Nelson's, it cannot reasonably be disputed that prior to this incident she had investigated multiple complaints against Plaintiff (including one made by Nelson) fairly

U.S. at 262 (even "action colored by some degree of bad motive does not amount to a constitutional tort if that action would have been taken anyway").

Plaintiff has failed to allege facts that would permit him to avoid the consequences of that finding. *See Nieves v. Bartlett*, 139 S. Ct. 1715, 1727 (2019) (probable cause is not a bar to a retaliation claim "when a plaintiff presents objective evidence that he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been"). No such allegations have been made here, so probable cause bars any retaliatory arrest or prosecution claim Plaintiff could possible bring here.

## IV.

Plaintiff also argues that excessive force was used here to effectuate his arrest. Plaintiff is mistaken. For one, Plaintiff seems to suggest that because his arrest was not supported by probable cause, any force applied to him was necessarily unreasonable. However, even if this Court were to for some reason to determine years after the fact that probable cause was for any reason lacking here—it was not for reasons previously stated—officers do not lose immunity merely because they concluded that they had probable cause, but a court later disagrees. *Hunter*, 502 U.S. at 227. Nor does a finding that probable cause was not present necessarily transform an otherwise reasonable use of force into an unreasonable one.

Whether probable cause was present here or not, an excessive force claim against either officer is viable only if "existing precedent squarely governs the specific facts at issue," *Kisela v. Hughes*, 138 S.Ct. 1148, 1152 (2018) (per curiam), and would have given the officers "fair warning" that their actions violated clearly established federal law. *Jessop*, 936 F.3d at 94.

---

and impartially. (Declaration of Counsel, Ex. C, at 23:18-24:15, 24:19-25:14). No reasonable jury would find that Barlow acted with malice, or in bad faith here.

REPLY IN SUPPORT OF
DEFNDANTS' MOTION FOR
SUMMARY JUDGMENT                –8–

Plaintiff cannot meet that threshold here.  In short, the force Barlow used to get Plaintiff into handcuffs was entirely appropriate given that she reasonably believed that Plaintiff—who does not anywhere dispute that he was trying to reach into his pocket[5]—could be reaching for a weapon.  Plaintiff cites no case that prohibits officers from using arm bars, or otherwise forcible preventing suspects from reaching into a pocket to retrieve an unknown item, merely because the suspect claims they were not reaching for a weapon.  And this is for good reason: no such case exists, and the Supreme Court has long instructed courts to avoid second guessing "split-second judgment[s]" regarding the force reasonably necessary to ensure officer safety, made by officers dealing with uncooperative suspects.  *Plumhoff v. Rickard*, 572 U.S. 765, 775 (2014).

Barlow had some trouble getting the handcuffs on properly because Plaintiff continued to be non-compliant, but when she realized that the handcuffs were causing discomfort she did not ignore the issue.  To the contrary, once she knew that backup was on the way and the threat to her safety reduced, she adjusted the handcuffs.  (Declaration of Counsel, Ex. C at 95:5-95:11, 104:15-105:10).  Defendants are aware of no case—and Plaintiff has not cited one—that would have given Barlow "fair warning" that handcuffing an unruly suspect, and then adjusting the handcuffs mere minutes after realizing that they were causing pain was an unreasonable use of force that violated the Fourth Amendment.  *Jessop*, 936 F.3d at 94.

Finally, Plaintiff asserts that Russell used excessive force when he placed Plaintiff in another set of cuffs, and loaded Plaintiff into a patrol vehicle for transport.  This assertion is meritless for reasons stated previously.  In short, Plaintiff claims that the handcuffs Russell

---

[5] Plaintiff, once again, asserts that he was merely trying to retrieve his phone or the keys to the gate, but Barlow had no way to know that.  And because Barlow had just announced that she was going to place Plaintiff under arrest, and Plaintiff had been (at minimum) uncooperative to that point, it wasn't unreasonable to be concerned that the escalation of the situation might prompt forcible, or even violent resistance.

REPLY IN SUPPORT OF
DEFNDANTS' MOTION FOR
SUMMARY JUDGMENT                –9–

placed on him were too tight, but Russell—as recorded in the bodycam—confirmed that he could get his fingers between the cuffs and Plaintiff's wrist, and worried that Plaintiff might be able to slip out of them if they were loosened further.  No case that Defendants are aware of required Russell to loosen them further merely because Plaintiff claimed they were uncomfortable, and this Court should not so hold.

Plaintiff also asserts that Russell pushed down on Plaintiff's head as he was loading Plaintiff into the patrol car, which somehow caused a "serious" spinal injury.  Whether this touching occurred as alleged—it is not visible in Russell's bodycam video—what Plaintiff has alleged was not in any way unreasonable in these circumstances.  The use of force is analyzed "from the perspective 'of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.'"  *Plumhoff*, 572 U.S. at 775 (citation omitted).  Even taking Plaintiff allegations at face value and with all reasonable inferences drawn, Russell did little more than help Plaintiff into the patrol vehicle, after (by Plaintiff's own account) he struggled to do so without assistance. Plaintiff claims this injured him, but Russell had no reason to suspect that lifting a suspects leg, or putting his hand on the top of a suspect's so it would not hit the top of the door frame while being loaded into a patrol vehicle, would be at all likely to cause injury, serious or otherwise. Nor would any reasonable officer not imbued with the benefit of hindsight.  *Plumhoff*, 572 U.S. at 775.  Excessive force simply was not used here, and even if it had been, Russell would be entitled to qualified immunity because no remotely analogous, then-existing case placed the constitutionality of these acts "beyond debate."  *Wesby*, 138 S. Ct. at 589.

### V.

Defendants' motion for summary judgment should be granted for reasons stated here and previously.

REPLY IN SUPPORT OF
DEFNDANTS' MOTION FOR
SUMMARY JUDGMENT                –10–

DATED this 8th day of October 2021.

                                        CLEMENTS, BROWN & McNICHOLS, P.A.

                                        By   /s/
                                            BENTLEY G. STROMBERG
                                            Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of October 2021, I filed the foregoing electronically through the CM/ECF system:

        T. Jason Wood
        WOOD LAW GROUP, PC
        1488 Midway Avenue
        Idaho Falls, ID  83406
        jason@woodlaw.net

                                        /s/
                                        Bentley G. Stromberg